UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KELLI STANARD**            **CASE NO. 2:22-CV-03570**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is "USAA's Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss" (Doc. 28), wherein USAA moves to dismiss the instant lawsuit for lack of subject matter jurisdiction. Also before the Court is "Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint" (Doc. 24).

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana alleged causing damage to Plaintiff's property. During the relevant time period, Plaintiff's property was insured by USAA Casualty Insurance Company, however, in her Complaint, filed by the McClenny Moseley & Associates, PLLC ("MMA")[1] Plaintiff named United Services Automobile Association ("USAA") as the Defendant.

Plaintiff alleges that her insurer failed to properly adjust her claims, made untimely payments, and failed to handle the claim in good faith.

---

[1] The Court stayed all suits filed by MMA in October 22, 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

On August 24, 2022, Plaintiff filed suit against United Services Automobile Association[2] who was served through the Secretary of State on October 18, 2022. USAA has nine operating companies under its umbrella, one of which is USAA CIC. Plaintiff sought leave to amend her complaint on July12, 2023,[3] and again on August 1, 2023. USAA opposed the motion.

USAA maintains that the Court lacks subject matter jurisdiction because there is no complete diversity between the parties.  USAA informs the Court that it is also a citizen of Louisiana.[4]  Plaintiff seeks to amend her Complaint to add USAA Casualty Insurance Company ("USAA CIC") and/or USAA General Indemnity Company ("USAA GIC"). USAA advises that Plaintiff incorrectly avers that both USAA CIC and USAA GIC maintained a policy of insurance covering Plaintiff's property.

"Federal courts are courts of limited jurisdiction, and that jurisdiction must be guarded jealously." *Tex. All. of Energy Producers Workers Comp. v. La. State Univ. Health Scis. Ctr. -Shreveport*, 10-1216, 2011 WL 4079228, at *3 (W.D. La. Sept. 13, 2011). Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in

---

[2] Doc. 1.
[3] The first Motion to Amend was marked deficient.
[4] Courts have held that USAA is a reciprocal insurance organization that has members in all 50 states, and therefore is a citizen of Louisiana for jurisdiction purposes. *Fields v Progressive Cas.. Ins. Co.* 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022), report and recommendation adopted, 2022 WL 323968 (M.D. La. Feb. 2, 2022).

the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See id.*

Plaintiff asks the Court to permit amendment of the complaint in order to correct the misnomer regarding the incorrect Defendant. After a responsive pleading is served, a party may only amend with written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a). The court must "freely give leave when justice so requires." *Id.* But the issue still lies at the discretion of the court and may be denied on any one of several bases, including futility. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004). The proposed amended complaint is futile if it "would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Vioxx Prods. Liab. Litig.*, 874 F.Supp.2d 599, 602–03 (E.D. La. 2012) (internal quotations omitted).

The policy in this matter was issued by USAA's underwriting company, USAA CIC,[5] as stated at the top of page 9 of the policy. Plaintiff notes that USAA CIC, USAA and all of the operating companies share the same address, located at 9800 Fredericksburg Rd., San Antonio, Texas. Plaintiff argues that relying on USAA's website causes must confusion as to who is the insurer, and further argues that USAA and USAA CIC are "so related" that service on USAA is service on both it and USAA CIC. Therefore, Plaintiff argues that amendment is not prescribed, nor futile.

---

[5] Doc. 28-2.

"When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *In re Katrina Canal Breaches*, 2008 WL 3906760, at *3 (E.D. La. Aug. 26, 2008) (quoting *Wilson v. U.S. Gov't*, 23 F.3d 559, 562 (1st Cir. 1994)). "Relation back analysis applies to the addition of new claims or new defendants." *Id.* The rule provides, in relevant part:

> (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> . . . .
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Accordingly, the court's analysis under Rule 15(c)(1)(C)(ii) turns on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint." *Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (internal quotations omitted). Additionally, the defendant **must** have received notice of the mistake within the time provided by Rule 4(m), i.e., 120 days.

USAA argues that the amendment would be futile because Plaintiff had until August 27, 2022, to file her lawsuit against USAA CIC, the proper defendant, in the proper jurisdiction, but she did not do so. Thus under the terms of the policy and Louisiana

Revised Statute 22:868, the claims against USAA CIC are prescribed. Plaintiff maintains that any amendment would relate back to the date of the original filing. USAA argues that Plaintiff has not alleged a relationship between USAA and USAA CIC, and Plaintiff did not fulfill Rule 15(c)'s notice requirements.

In *Schewe v. USAA Cas. Ins. Co.*, 2007 WL 2174588, at *9 (E.D. La. Jul. 27, 2007), the court ruled that with respect to USAA entities, the companies are separate and distinct. There is no basis for imputing knowledge of the suit from one USAA entity to another without actual evidence that one company shared its notice with the other. *Id.* Additionally, plaintiff's confusion as to which USAA entity issued her policy was easily rectified by the plain language of that policy and is not the type of mistake Rule 15(c) was designed to remedy. *Id.* Instead, the rule "'permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party*.'" *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)) (emphasis supplied in *Wilson*). Accordingly, plaintiff's claims against USAA CIC could not be salvaged by the doctrine of relation back.

## CONCLUSION

For the reasons set forth herein, the Motion to Amend (Doc. 24) will be denied and the Motion to Dismiss (Doc. 28) will be granted dismissing Plaintiff's claims without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 6th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE